# Sankey *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Indictment for an assault with intent to murder; authorizes conviction of a simple assault.*—Where the defendant in a criminal case is tried for an assault with intent to murder he can be convicted of a simple assault; and as to the validity of such conviction it is of. no consequence that the evidence showed that the assault was committed for the purpose of obtaining money from the person assaulted, or for any other purpose.

2. *Conspiracy; what necessary to constitute it.*—Where, by agreement or arrangement, two or more persons enter upon the commission of a criminal offense, and their purpose is carried out, each is guilty of the offense committed, though he may have done no overt act in its commission.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

Peter Sankey, Harkness Belser and Gov. Fortner were jointly indicted for an assault with intent to murder one Phillip Taylor. On motion of Peter Sankey a severance was had and he was tried separately and was convicted of an assault.

The evidence for the State tended to show that Peter Sankey, Harkness Belser and Gov. Fortner approached a house wherein Phillip Taylor and one Louise Hart were; that Belser and Fortner had pistols in their hands; that Belser tried to open the door, and, failing, went around the side of the house and fired into it through a crack; that the door was then opened and as Phillip Taylor came out Belser levelled his pistol at Taylor and commanded that he return to them their money, which the State's evidence tended to show that he had snatched away from them while they were gambling; that Fortner stood by with his pistol in his hand during this conversation, and that the defendant Sankey, though he had no pistol, said that he had to have the money or he would kill him

[Sankey v. The State.]

The evidence for the defendant tended to show that he said and did nothing during the time Belser and Fortner were talking to Taylor. The defendant requested the court to give to the jury the following written charges and separately excepted to the court's refusal to give each of them as asked: (6.) "If the evidence shows that there was an assault upon Phillip Taylor for the sole purpose of obtaining money from him, then under this condition of the evidence the defendant could not be convicted, for although such an act might or would amount to an assault, it would not be the kind of assault included in this indictment." (7.) "If the evidence shows that there was a common purpose between Belser, Fortner and defendant to get money from Taylor, and in pursuance of this purpose certain acts were done by one or more of them, then whether these acts so done did or did not constitute an assault, the defendant can not, under the indictment, be convicted of such an assault for this reason, such an assault is not included in this indictment." (8.) "If you believe the evidence you can not under the present indictment find the defendant Peter Sankey guilty of a mere assault." (9.) "Before you can convict the defendant Peter Sankey of an assault you must believe beyond a reasonable doubt from the evidence in the case that there existed the following facts: 1. That Harkness Belser committed an assault on Phillip Taylor (not on Mary Taylor). 2. That Peter Sankey knew that it was the intention of Harkness Belser to commit an assault on Phillip Taylor. 3. That Peter Sankey knowing the intention of Harkness Belser to commit the assault, said something or did something to aid or abet Harkness Belser in the execution of this intention. 4. That the something said or done by Peter Sankey for the purpose to aid or abet Harkness Belser did as a matter of physical fact, aid or abet Harkness Belser."

Joseph Calloway for appellant, cited *Elmore v. State*, 110 Ala. 63.

[Sankey v. The State.]

Chas. G. Brown, Attorney-General, for the State, cited *Williams v State*, 81 Ala. 1; *Amos v, State*, 83 Ala. 1; *Martin v. State*, 89 Ala. 115; *Gibson v. State*, 89 Ala. 121; *Ex parte Bonner*, 100 Ala. 114.

TYSON, J.—The defendant was indicted for an assault with intent to murder, and convicted of an assault.

By force of the statute a defendant may be found guilty of *any offense* necessarily included in that with which he is charged, whether it be a felony or a misdemeanor.—Code, § 5306. That an assault is necessarily included in the charge of an assault with intent to murder is so obviously plain that it would seem a discussion would rather tend to obscure than to make it clearer. Without an assault, it is impossible for the offense to be committed. Indeed, it is the initial essential to its very existence. With the assault eliminated, there is nothing upon which the intent can rest. All the intent in the world to murder can never become a crime unless accompanied by some act or demonstration signifying an execution of the intent. It is this unlawful act or demonstration, which constitutes the assault, coupled with the intent to murder that makes the offense complete. So, then, when the indictment charges the felony, the charge of an assault being necessarily included, so far as that charge is concerned in the case is in nowise materially different with respect to the evidence necessary to support it than had the indictment merely charged a simple assault. It is, therefore, a matter of no consequence that the assault was committed for the purpose of obtaining money from the person assaulted or for any other purpose.

The single question presented to the jury for their determination, was, whether or not, under the evidence, the defendant was guilty of an assault. And under the evidence in this case, that question was solely for the jury.

It follows that charges numbered 6, 7 and 8 requested by defendant were properly refused.

Charge 9 was also correctly refused for the reason, if for no other, that under the evidence the jury were authorized to find that there was a conspiracy between the

defendant, Belser and Fortner to assault Taylor.  If
such conspiracy existed it was utterly immaterial
whether the defendant did or said anything in the con-
summation of it.—*Ex parte Bonner*, 100 Ala. 114, and
authorities there cited.

Affirmed.