# Brooke *v.* The State.

### *Assault and Battery.*

(Decided April 21, 1908. 46 South. 491.)

1. *Criminal Law; Former Jeopardy; Jurisdiction of Municipal Officers.*—Where the law confers on municipal officers jurisdiction to try offenses against the state, the state makes them its officers in the trial and where a crime in one of its phases is prosecuted through such authorized officers, it cannot be subsequently prosecuted by other of the state's officers under the color of another name, since a single crime cannot be divided into two or more offenses.

2. *Same; Plea of Former Jeopardy; Sufficiency.*—A plea of former jeopardy which alleges the jurisdiction of the mayor's court to try offenses against the state; that defendant was tried for an offense against the state in such court and that it was the identical offense for which he was here prosecuted, is sufficient, where the act creating the charter of the city gives to the mayor's court jurisdiction concurrent with the county and circuit courts in criminal cases.

3. *Same; Former Jeopardy; Concurrent Jurisdiction.*—Where two courts have concurrent jurisdiction of an offense, an acquittal or conviction in one will bar a prosecution in the other.

4. *Same; Trial; Acquittal; Effect.*—A judgment of acquittal in the mayor's court of a town, in which the mayor has concurrent jurisdiction with the circuit or city court for the trial of offenses against the state, is not void because the arrest was not based on an affida-

[Brooke v. The State.]

vit, since, in this particular instance, the charter authorizes the marshall to make arrest for offenses comitted in his presence or for offenses which he has probable cause to believe were committed within the corporate limits of the town.

5. *Same; Plea of Misnomer; Replication; Sufficiency.*—Where the plea of misnomer sets up that the name of defendant was Hadley and not Hodley, as set forth in the indictment, a replication thereto alleging that the second letter in the christian name of accused was an "a" and not an "o" and that it was the intention of the solicitor who drew the indictment to so write it, was sufficient against demurrer interposed thereto.

6. *Same; Issues; Evidence; Admissibility.*—Under an issue made up by plea of misnomer setting forth that defendant's name was "Hadley" and not "Hodley" and a replication thereto that the second letter in the christian name of defendant was an "a" and not an "o" and that the solicitor so intended to write it, it was competent to show by the solicitor who drew the indictment that the name was written "Hadley" and not "Hodley," that the second letter was an "a" and not an "o," and that the solicitor always made his "a's" in that manner.

7. *Assault and Battery; Evidence; Editorials.*—Under section 4345, Code 1896, it was competent for accused to introduce in evidence an abusive editorial, where it appeared that the editor of the paper was the person assaulted, that the editorial was published so recently, or that it came to the knowledge of accused so recently, as to be at or near the time of the assault.

8. *Same; Physical Condition of Accused.*—Proof of the physical condition of the defendant is inadmissible under a charge of assault and battery.

9. *Same; Premeditation.*—Under the charge of assault and battery the question of premeditation is not an issue.

10. *Same; Uncommunicated Intent or Motive.*—Questions seeking to elicit why defendant carried a walking cane were objectionable as calling for uncommunicated motives or intent, aside from the fact that anyone has the right to carry a cane.

11. *Criminal Law; Jurisdiction; Locality of Offense.*—Where an offense was committed in a house used as the United States Post Office, but it appeared that it was rented by the postmaster for that purpose and was not upon grounds ceded to the United States, it is not necessary to inquire into the state's right to try offenses committed there or to pass upon the force and effect of section 628, Code 1896.

12. *Same; Instruction.*—Elliptical Instrutions are always properly refused.


APPEAL from Crenshaw Circuit Court.

Heard before Hon. J. C. RICHARDSON.

H. Y. Brooke was convicted of assault and battery, and he appeals. Reversed and remanded.

Accused filed a plea of misnomer, setting up that his name was "Hadley Y. Brooke,'' and not "Hodley Y. Brooke," as set forth in the indictment. Replying the state alleged that the indictment charges "Hadley Y Brooke" with assault and battery, and not "Hodley Y. Brooke"; that the second letter of the christian name of defendant is the letter "a," and not the letter "o"; that it was the intention of the solicitor who drew the indictment to so write it; and that the said solicitor annexed the letter "a," just as the letter appears in the christian name of defendant. Demurrers were interposed, because the replication was frivolous, because it is no answer to the plea of misnomer, because it fails to aver that defendant's name in said indictment is spelled "Hadley Y. Brooke," and because the intention of the solicitor in drawing the indictment is no answer to the plea. The testimony of W. W. Pearson, who was introduced as a witness for the state, and who was shown to have been the special solicitor who drew the indictment in question, was that the name was "Hadley," and not "Hodley"; that the first vowel was an "a," and that was the way he wrote all his "a's"; and the other testimony is to the same effect.

Accused offered to show that McLendon, the party alleged to have been assaulted, was the editor and proprietor of the Luverne Journal, and that just prior to the difficulty the edition of the paper came out containing an article severely criticising and abusive of him Thereupon he offered a copy of the Luverne Journal, and especially the editorial referred to, and other copies containing editorials written previous to the difficulty, which were very abusive in their nature, all of which the court excluded.

Charge 4, refused to defendant, is as follows: "The court charges the jury that a probability of defendant is

a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal." The other charges referred to required an acquittal of defendant if the building in which the assault and battery is alleged to have been committed was a United States post ' office and used exclusively for said purpose.

M. W. RUSHTON, for appellant. A single crime can‑ not be divided into two or more offenses.—*Benn v. The State,* 22 Ala. 9; *Moore v. The State,* 71 Ala. 307; *Hunt v. The State,* 86 Ala. 604. The jeopardy arose upon this trial because defendant had been previously tried for the same offense by the mayor of Luverne, who had jurisdiction of the offense.—*Sanders v. The State,* 55 Ala. 42; *Hunt v. The State, supra; Moore v. The State, supra.* The court erred in refusing to permit defendant to show the matter contained in the Luverne Journal. —Sec. 4345, Code 1896;*Speigner's case,* 103 Ala 30; 77 Ala. 56.

ALEXANDER M. GARBER, Attorney-General, for ' the State. The State's demurrer to the plea of former jeopardy was properly sustained.—*Englehart v. The State,* 88 Ala. 100. Furthermore, the mayor's judgment was void.—137 Ala. 93; id. 117 Ala. 73; 103 Ala. 95. Counsel discuss other assignments of error but without citation of authority.

SIMPSON, J.—The defendant (appellant) was indicted and convicted of an assault and battery. It is contended by the appellant that the court erred in sustaining the demurrers, by the state, to the pleas of former jeopardy. The insistence by the state is that under the case of *Englehardt v. State,* 88 Ala. 100, 7 South. .154, said pleas were not good, because they did not show that

6 C

[Brooke v. The State.]

the charter of the town of Luverne specially provided that a conviction or acquittal before the mayor should be a bar to a prosecution before a state court for the same offense.

It is true that in that case, the clause of the act amending the charter of the City of Montgomery, which is cited, has that expression; yet an inspection of the act shows that the original charter of said city provided merely that the "mayor and aldermen shall be ex officio vested with and may exercise in said city all the powers and authority that belong to justice of the peace, in criminal matters, by the laws of the state." Acts 1869-70, p. 363, 10. This merely refers to the powers and authority of the mayor with regard to offenses against the city. The amendment, which the court refers to, and under which the plea would have been good if the offense had been committed subsequent to the enactment, provides that the recorder "shall have original and concurrent jurisdiction of all misdemeanors, committed within said city, * * * against the laws of the state," and then goes on with the sentence quoted by the court. Acts 1888-89, p. 526. The latter clause is merely a statement of a result which would have necessarily followed the enactment of the first clause, without it; for the only requisite of former jeopardy, so far as this point is concerned, is that the defendant shall have been acquitted or convicted before a court of competent jurisdiction for the same offense. "A single crime cannot be split up or subdivided into two or more indictable offenses; and hence if the state, through its authorized officers, elects to prosecute a crime in one of its phases or aspects, it cannot afterwards prosecute for the same criminal act under color of another name."—*Moore v. State,* 71 Ala. 307; *Powell v. State,* 89 Ala. 172, 8 South. 109. When the law confers upon municipal officers jurisdic-

tion to try offenses against the state, it makes such officers its officers in the trial of such cases, and it is not analogous to the trial for a mere violation of a city ordinance. In a later case this court held a similar plea good, not by virtue of the clause quoted in the *Englehardt Case*, but upon the general principle that the recorder's court had jurisdiction to try the same offense against the state.—*Jackson v. State*, 136 Ala. 96, 33 South. 888.

The pleas demurred to averred the jurisdiction of the mayor's court of Luverne to try offenses against the state, and that the defendant was tried for an offense against the state, that it was the identical offense for which he is indicted in this case, etc., and the act gives to the mayor of Luverne, in addition to jurisdiction to try for violations of the by-laws and ordinances of said town, also "jurisdiction, concurrent with the county and circuit courts, of all misdemeanors known to the laws of the state, committed within the corporate limits of said town." Acts 1890-91, p. 408 10. "Where two courts have concurrent jurisdiction of an offense, an acquittal or conviction in one will bar a prosecution in the other." 17 A. & E. Ency. Law (2d Ed.) p. 588. Consequently, in so far as this point is concerned, the pleas were sufficient.

It is next insisted by the state that the judgment of acquittal in the mayor's court was void because the arrest was not based on any affidavit. It is a sufficient answer to this that the charter of the town of Luverne authorizes the marshal "to arrest offenders for offenses committed in his presence, or for offenses for which he has probable cause to believe were committed within the corporate limits of said town, and keep them in custody until trial." Acts 1890-91, p. 409, 11. So it cannot be affirmed that said judgment was void, and the court err-

ed in sustaining demurrers to the pleas of former jeopardy.

The question of misnomer was submitted to the jury, and their verdict on that issue was in favor of the state; but the defendant claims that demurrer to the replication to the plea of misnomer, and his motion to strike the same, before issue joined, should have been sustained. No objection seems to have been offered to the plea of misnomer having been interposed after a plea in bar had been filed and disposed of.—*Miller v. State,* 54 Ala. 155; *Wells v. State,* 88 Ala. 239, 7 South. 272. At any rate the demurrer to the replication seems to have been properly overruled.—*Gilmore v. State,* 126 Ala. 20, 28 South. 596, 600 (column 2).

The objections to the testimony of W. W. Pearson were properly overruled (*Gilmore v. State, supra*), and on the same authority the general charge for the state was properly given on the plea of misnomer.

The court erred in sustaining objections to the questions in regard to the article in the Luverne Journal. If, upon another trial, it shall be shown that said article was published so recently, or had only come to the knowledge of the defendant so recently, as to be "at or near the time of the assault," the defendant will be entitled to have the evidence go before the jury under section 4345 of the Criminal Code of 1896.—*Keiser v. Smith,* 71 Ala. 481, Am. Rep. 312, and cases cited.

The objections to the questions to the defendant as to his physical condition at the time he made the attack were properly sustained. His physical condition was not material to any issue in this case. A weak man has no more right to commit an assault and battery than a strong one.

The objections to the questions as to why the defendant carried the stick, and as to whether he knew that

McLendon was in the post office when he went there, were properly sustained. The question of premeditation was not in this case, nor was there any attempt to prove preparation for the attack. The stick was simply a walking cane, which any one has a right to carry. In addition, it may be stated that the questions called for the uncommunicated intentions of the witness.—*Lewis v. State*, 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75.

The charges requested by the defendant, to the effect that the court was without jurisdiction of the offense because it was committed in the post office, were properly refused. It is not necessary to enter into the question of the state's right to try offenses committed in places ceded to the United States, or as to the force and effect of our statute. Civ. Code 1896, 628. There is no proof tending to show that the building used as a post office was on ground that had been ceded to the United States; but, on the contrary, it is shown that the post office was rented by the postmaster.

The charge marked 4 is elliptical, and was properly refused.

The judgment of the court is reversed, and the cause remanded.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.