# Spear *v.* The State.

### *Assault and Battery.*

(Decided Jan. 16, 1912. 57 South. 510.)

*Assault and Battery; Extenuation; Abusive Language.*—Under section 6308, Code 1907, abusive language by the prosecutor at or near the time of the assault, but not in the presence or hearing of the accused, but communicated to him before the assault may be shown in extenuation or justification of the assault.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Dick Spear was convicted of assault and battery, and he appeals. Reversed and remanded.

LACY & LACY, for appellant. The evidence as to the abusive language was admissible.—Sec. 6308, Code 1908; *Brook v. The State*, 155 Ala. 78.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly declined to permit the evidence of abusive language to go to the jury.—*Kiser v. Smith*, 71 Ala. 481; *Henry v. The State*, 79 Ala. 42; *McNeil v. The State*, 102 Ala. 121; *Stilwell v. The State*, 107 Ala. 16;

*Ragland v. The State,* 125 Ala. 12; *Lovelace v. Miller,* 150 Ala. 422; *Terry v. Eastland,* 1 Stew. 156.

DE GRAFFENRIED, J.—Section 6308 of the Code provides that, on the trial of any person for an assault and battery, or affray, he may give in evidence opprobrious words or abusive language used by the person assaulted or beaten *at* or *near* the time of the assault or affray, and such evidence shall be good in extenuation or justification, as the jury may determine. Opprobrious words or abusive language used by the person assaulted or beaten *at* or *near* the time of the assault, not in the presence or hearing of the defendant, but communicated to the defendant before the assault, are admissible in evidence under the above provisions of the Code in extenuation or justification of the offense, as the jury may determine. Opprobrious words spoken of, or abusive language used against, a man "behind his back," and communicated to the man so spoken of or abused, frequently have the same effect upon him as if spoken in his presence.—*Brooke v. State,* 155 Ala. 78, 46 South. 491.

In the present case the defendant was indicted for assaulting and beating Cam Smith, and offered to prove that just a few minutes before the difficulty said Cam Smith made use of opprobrious words or abusive language concerning the defendant, not in the presence or hearing of the defendant, but that said opprobrious words or abusive language were communicated to the defendant just a few minutes before the difficulty. The court refused to allow such proof, and in doing so committed an error for which the judgment in this case must be reversed.

Reversed and remanded.