# Ellis *v.* The State.

### Assault with Intent.

(Decided August 1, 1916.   72 South. 578.)

1. **Charge of Court; Credibility of Witness.**—A charge asserting that the
jury might disregard the entire testimony of a witness if they found he had
testified falsely, is improper because omitting the element of willfulness.

2. **Assault with Intent to Murder; Ignoring Lower Degree.**—Where de-
fendant was indicted and convicted of an assault with intent to murder, the
court properly refused to instruct to acquit unless the intent was proven,
for defendant could be convicted of a lesser crime in which the intent to kill
was not an ingredient under § 7315, Code 1907.

APPEAL from Jefferson Criminal Court.
Heard before Hon. A. H. ALSTON.

Albert Ellis was convicted of an assault with intent to mur-
der and he appeals.   Affirmed.

PROSCH & PROSCH, for appellant.   W. L. MARTIN, Attorney
General, and HARWELL G. DAVIS, Assistant Attorney General,
for the State.

EVANS, J.—Appellant was indicted and convicted of an assault with intent to murder one Eugene Lowery.

(1, 2) Several written charges were requested by appellant which the court refused. Charge numbered first was properly refused. A similar charge was condemned in *Prater's Case,* 107 Ala. 26, 18 South. 238. If this charge had hypothesized the "willful" false testimony, it would have been good. Charges second and third were as follows: "Second: If you believe from all the evidence that the defendant did not intend to take the life of said Eugene Lowery, then you must acquit him.

"Third: Before you can convict the defendant in this case you must be satisfied beyond a reasonable doubt that the shot was fired by the defendant with the intent to take the life of Eugene Lowery."

These charges would be correct had they been limited to assault with intent to murder; but under this indictment appellant could have been convicted of a lessor crime where the intent to take life was not an ingredient; hence the court properly refused charges second and third.—Code 1907, § 7315; *Sankey v. State,* 128 Ala. 51, 29 South. 578; *Bell v. State,* 170 Ala. 16, 54 South. 116. Charge fourth was a request for the general affirmative charge. Not only was the evidence conflicting, but it was sufficiently strong to carry conviction to the minds of the jury, and it goes without saying its refusal was correct.

After a careful examination of the record and appellant's brief, we are of opinion that no reversible error is shown, and the judgment of the court below must be affirmed.

Affirmed.