(76 South. 479)

ROBERTSON v. STATE. (5 Div. 251.)

(Court of Appeals of Alabama. June 30, 1917.)

CRIMINAL LAW ⊙═══292(1)—PLEA OF FORMER JEOPARDY—SUFFICIENCY.

Defendant was indicted for assault with a weapon. He interposed a plea of former jeopardy, setting up a conviction in the justice court upon an affidavit charging an assault, alleging that the assault charged in the affidavit is the same assault alleged in the indictment, and that he is the identical person named in the affidavit in the justice court, and that the justice court had jurisdiction, and pleading said conviction in bar of the prosecution in the circuit court. Held, that a demurrer to the plea should have been overruled, as connivance of the defendant in procuring a conviction in the justice court was a matter for the state to set up by replication.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Mack Robertson was convicted of assault with a weapon, and appeals. Reversed and remanded.

This is an appeal from a judgment of conviction upon an indictment returned by the grand jury of Tallapoosa county, charging appellant with the offense of assault with a weapon. The defendant interposed a plea of former jeopardy, which is shown by the record, setting up a conviction in the justice court of Tallapoosa county, upon an affidavit charging an assault, alleging that the assault charged in the affidavit in the justice court is the same assault alleged in the indictment, and that he is the identical person named in the affidavit in the justice of the peace court, and that the justice court had jurisdiction of the offense charged in the said affidavit, and pleading his said conviction in the justice court in bar of this prosecution in the circuit court.

The solicitor demurred to this plea, assigning three grounds of demurrer: (1) That the plea failed to aver that the prosecution alleged in the plea was without the connivance

or procurement of defendant. (2) That the plea failed to aver that the assault committed by defendant was such an assault as came within the jurisdiction of a justice of the peace. (3) That the plea failed to aver that the assault of which the defendant stands indicted, and of which he pleads he has heretofore been convicted in the justice of the peace court, was an assault in which no stick or other weapon was used.

The court sustained the demurrer to the said plea, and the defendant excepted. Upon the trial, the defendant was convicted, and from the judgment of conviction he appeals.

Bridges & Oliver, of Dadeville, for appellant. W. L. Martin, Atty. Gen., for the State.

SAMFORD, J. The trial court committed error in sustaining the demurrer to the defendant's plea. Moore v. State, 71 Ala. 307; Brooke v. State, 155 Ala. 78, 46 South. 491. If there was connivance or procurement on the part of the defendant in the judgment rendered in the justice of the peace court, the solicitor should have set it up by replication.

For the error of the trial court in sustaining the state's demurrer to the plea, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.