146 So. 824

## ELMORE v. STATE.
### 4 Div. 947.

Court of Appeals of Alabama.
Jan. 17, 1933.

Rehearing Denied Feb. 7, 1933.

Oakley & Oakley and W. L. Lee, all of Dothan, for appellant.

Thos. E. Knight, Jr., Atty. Gen., James L. Screws, Asst. Atty. Gen., and O. S. Lewis, of Dothan, for the State.

BRICKEN, Presiding Judge.

The insistences of error upon this appeal are confined to the several rulings of the court upon the admission of evidence to which, upon the trial in the lower court, exceptions were reserved. The difficulty between this appellant and L. S. Deal, the alleged injured party, occurred in a pool room in the city of Dothan where, upon the night in question Deal was engaged in playing a game of pool with another person, and while so engaged, this appellant entered the pool room and went directly back to Deal and accosted him relative to a certain article which had recently appeared in a Dothan paper and which appellant then and there had in his possession. It is conceded that the difficulty between these men which resulted in Deal having been seriously and dangerously wounded by appellant, who stabbed him with a knife, grew out of and was the result of the article in the paper above referred to, and which it was claimed was written by Deal and as contended by appellant reflected upon his character, etc. The evidence as to the difficulty and the details thereof were in conflict and the accused relied upon self-defense. In this connection he offered some evidence tending to support said plea,

and to the end that the court and jury be advised as to all the facts and circumstances leading up to the difficulty, undertook to offer in evidence the paper then in his possession containing the alleged objectionable article and which at that time Deal admitted he had written. The court declined to allow the defendant to offer the paper containing said article in evidence, and to this ruling the defendant duly and legally reserved an exception. There are two reasons why we think the court erred in this ruling: (1) The paper containing said article, under the circumstances disclosed by the undisputed testimony, was part of the res gestæ, and for this reason it should have been admitted in evidence. (2) Under the statute, the indictment in this case, while charging the accused with the offense of assault with intent to murder, a felony, also charged him with the lesser offenses of assault and battery and assault. Sankey v. State, 128 Ala. 51, 29 So. 578, Ellis v. State, 15 Ala. App. 99, 72 So. 578. The law is, when the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony or a misdemeanor. Section 8697, Code 1923. As to the minor offenses with which this appellant was also charged, as above stated, the accused could avail himself of the provisions of section 3302, Code 1923, which reads: "On the trial of any person for an assault, an assault and battery, or an affray, he may give in evidence any opprobrious words or abusive language used by the person assaulted or beaten at or near the time of the assault or affray; and such evidence shall be good in extenuation or justification, as the jury may determine." Knox v. State, 18 Ala. App. 358, 92 So. 206; Brooke v. State, 155 Ala. 78, 46 So. 491, 493. In the Brooke Case, supra, the Supreme Court said: "The court erred in sustaining objections to the questions in regard to the article in the Luverne Journal. If, upon another trial, it shall be shown that said article was published so recently, or had only come to the knowledge of the defendant so recently, as to be 'at or near the time of the assault,' the defendant will be entitled to have the evidence go before the jury under section 4345 of the Criminal Code of 1896." The terms of the quoted section have no application whatever to the charge of felony; it applies only to the misdemeanors comprehended and included in said main charge, as above stated; and upon an insistence of this character the trial court of necessity should charge the jury that evidence of this character is limited to the misdemeanors only, and does not apply to the felony charge.

■ It is insisted that error prevailed in the ruling of the court upon the following incident of the trial: Appellant insists that under all the testimony in this case that the article written in the Wiregrass Journal, *and all statements made by Deal at the time of writing the article*, were admissible evidence in this case on the status of Deal's mind toward Elmore at the time Elmore approached Deal in the pool room about the article so written. Appellant insists that the court erred in refusing to allow the witness Deal to answer the following question to Mr. Deal by the defense: "Mr. Deal, at the time you were writing the article in the Wiregrass Journal about Elmore, or just previous to writing the article, didn't you say there in the Wiregrass Journal office you were going to burn up that fellow Elmore?" The court sustained the objection of the state to the question, and the defendant duly excepted.

The defendant made known to the court at that time that he expected to prove that Deal used the expression that "he was going to burn up Elmore" about the letter he had written him or "burn up that fellow Elmore"; that he made this statement at the time or just previous to the time of writing the article.

Appellant insists that under all principles laid down in similar cases that this evidence was admissible to show the status of Deal's mind toward Elmore and that this is especially true when the doctrine of self-defense is interposed and there was evidence to support the doctrine of self-defense. He insists: "It was also admissible upon the grounds that it was part of the res gestæ, and that from the writing of the article to the time of the difficulty, and the difficulty were all part of the res gestæ." We cannot accord to this insistence, and the court's ruling in this connection is sustained. We are of the opinion that the matter inquired about was, on its face, too remote in point of time and disassociated from the difficulty to render it part of the res gestæ, and the alleged remark made by the writer of the article in question, unless of the res gestæ, was not permissible for any purpose.

■ The facts and circumstances immediately surrounding the difficulty and all the incidents connected therewith constituted the res gestæ; and if upon that occasion the appellant was armed with a pistol, whether he used it or not, the evidence thereof, and as to the acts of the appellant in connection therewith at the specific time and place, was competent, and the trial court properly so held. The exception reserved in this connection cannot avail the appellant.

The only special charge refused to defendant was fairly and substantially covered by the excellent oral charge, and also by charges given at the instance of defendant.

328

For the error indicated the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.