(75 South. 181)

BELL v. STATE. (6 Div. 213.)

(Court of Appeals of Alabama. April 3, 1917. Rehearing Denied May 15, 1917.)

1. CRIMINAL LAW ⬅⬆162—FORMER JEOPARDY —STATUTE.

Defendant's conviction, in the recorder's or mayor's court of a city, of violating the prohibition law, was not a bar to his prosecution for the same offense in the state court; Code 1907, § 1222, making a judgment in' the recorder's court a bar to a prosecution in the state court for the same offense, having been amended by Acts 1915, p. 724, to eliminate such provision.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 285.]

2. CRIMINAL LAW ⬅⬆363 — EVIDENCE — RES GESTÆ.

In prosecution for violation of the prohibition law, testimony of an officer that, when he and others were searching defendant's premises, a man was in defendant's house, who had a full quart of gin in his pocket, was admissible as part of the res gestæ.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 804.]

3. CRIMINAL LAW ⬅⬆394—EVIDENCE ILLEGALLY OBTAINED.

Relevant evidence, however illegally obtained, is admissible to fix the guilt of a person accused of crime, so that, in a prosecution for violation of the prohibition laws, testimony of an officer in regard to the finding of 13 quarts of whisky and gin in defendant's house was not inadmissible because the warrant was illegally executed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 875, 876.]

4. CRIMINAL LAW ⬅⬆713—TRIAL—ARGUMENT AND CONDUCT OF COUNSEL.

Undignified argument and conduct and anything bordering upon familiarity with the jury on the part of counsel is reprehensible and unprofessional, and trial courts are charged with the duty not to permit counsel to indulge in such character of argument and conduct.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1663, 1678.]

5. CRIMINAL LAW ⬅⬆741(1)—TRIAL—GENERAL CHARGE.

The general charge for defendant is properly refused, if there is any evidence tending to show or affording an inference of guilt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1705, 1713, 1727, 1728.]

6. CRIMINAL LAW ⬅⬆913(1)—NEW TRIAL.

Where, on defendant's motion for new trial, no matter was presented which was not dealt with on the trial, there having been ample evidence to support the verdict and judgment of conviction, motion for new trial was properly overruled.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2137–2139, 2141, 2142, 2145.]

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Joe Bell was convicted of violating the prohibition law, and he appeals. Affirmed.

Goodwyn & Ross, of Bessemer, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was tried and convicted in the city court of Bessemer for the offense of violating the prohibition law. The warrant was sworn out on the 22d day of February, 1916, and the writ of arrest was issued and the defendant was arrested and made appearance bond on that same day. The complaint contained seven counts, and charged practically all of the offenses under the prohibition law. As a defense thereto, among other things, the defendant filed four pleas, substantially the same facts, in which he claimed former jeopardy by reason of his conviction in the mayor's court of Bessemer. The state demurred to all of the pleas separately and severally, alleging many grounds of demurrer; the vital ground being No. 8, which goes to all four pleas and sets up the fact that a conviction in the recorder's or mayor's court is not a bar to a prosecution of the same offense in the state courts. Other grounds of demurrer take the point that some of the offenses charged in the complaint were not identical with that upon which the defendant was tried in the mayor's court.

[1] There was no error in sustaining the demurrer to the defendant's plea of former jeopardy. Prior to the adoption of the Code of 1907 (which, under section 1222 thereof, made an acquittal or conviction in municipal court for misdemeanor or for violation of an ordinance committed within the police jurisdiction of the municipality a bar to a prosecution for the same offense in the state courts) the rule, long followed and firmly established, was that a judgment in a municipal or recorder's court was not pleadable in defense to a prosecution of the same offense in the state courts. Engelhardt v. State, 88 Ala. 100, 7 South. 154; Mayor v. Allaire, 14 Ala. 400; Harris v. State, 128 Ala. 41, 29 South. 581; Mayor v. Fitzpatrick, 133 Ala. 616, 32 South. 252; Moses v. Mayor, 52 Ala. 207. However, the adoption of section 1222 in the Code of Alabama of 1907 changed this rule and made a judgment in a recorder's court a bar to a prosecution in the state court for the same offense. This law continued in effect until the Legislature of 1915, on the 22d 'day of September, 1915, amended section 1222 of the Code by eliminating that clause providing that a judgment in the recorder's court should bar prosecution for the

same or substantially the same offense in the state courts. The elimination of this clause put the law back to the original status and made the cases above cited applicable to the case at bar. Acts 1915, p. 724. It therefore follows that the court's action in sustaining the state's demurrers was without error. Johns v. State, 13 Ala. App. 283, 69 South. 259.

[2] On the trial of this case, state witness Steele testified to the search of defendant's premises made by himself and other officers, and in this connection stated that at the very time of said search a man by the name of Jones was in the house of 'defendant, and that Jones "had a full quart of gin in his pocket," etc. This testimony was allowed over the objection of the defendant, and' exception was duly reserved to the ruling of the court. This testimony was clearly admissible, as it was a part of the res gestæ; therefore there is no merit in the contention of the defendant and the ruling of the court in this respect was free from error. Mangum v. State, 156 Ala. 95, 47 South. 104.

[3] Neither was there error in the court's ruling on the testimony of witness Steele in regard to the finding of 13 quarts of whisky and gin in defendant's house, on the ground that the warrant was illegally executed; for, even if this had been true, it has been universally hel'd that relevant evidence, however illegally obtained, is admissible to fix the guilt of the person accused. Shields v. State. 104 Ala. 35, 16 South. 85, 53 Am. St. Rep. 17.

Other rulings of the court on the evidence have been carefully examined, and are so clearly free from error it is not deem'ed necessary or essential to discuss them here.

[4] The argument of the solicitor objected to by the defendant seems to have been in reply to the argument of defendant's counsel, and for this purpose was permissible. The general rule is that undignified argument and con'duct, and anything bordering upon familiarity with the jury upon the part of counsel, is reprehensible, and also unprofessional, and has been repeatedly condemned, and trial courts are charged with the duty of not permitting counsel to indulge in this character of argument or conduct. That portion of the solicitor's argument with reference to the suit case, and which was objected to by defendant, seemed to be in the nature of an inference or a deduction to be drawn from the evidence, and not a statement of fact, and the court's ruling thereon was without error.

[5] The written charges A, B, and C, refused to the defen'dant, in effect called for the general affirmative instruction for the defendant on various counts of the complaint. There was no error in their refusal, under the evidence in this case, for the general charge in favor of the defendant is properly refused, if there is any evidence tending to show or affording an inference of guilt. Turner v. State, 97 Ala. 57, 12 South. 54; Hargrove v. State, 147 Ala. 97, 41 South. 972, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126.

[6] There was no error in overruling the defendant's motion for a new trial; as there seems to have been no matter presented on this motion which was not dealt with on the trial of this cause, upon which trial there appears ·to have been ample evidence to support the verdict and judgment of conviction.

We have carefully examined all questions presented; and, there appearing no error in the record of a reversible nature, the judgment of the lower court is affirmed.

Affirmed.