(76 South. 1)

Ex parte BELL.

BELL v. STATE.

(6 Div. 608.)

(Supreme Court of Alabama.    May 31, 1917.
Rehearing Denied June 30, 1917.)

CRIMINAL LAW ☞201—FORMER JEOPARDY—
OFFENSE AGAINST DIFFERENT SOVEREIGN-
TIES IN SAME ACT.

The conviction of one in the municipal court
for violation of ordinance is not pleadable in
defense to a prosecution for the same offense in
a state court, in view of Acts 1915, p. 724,
amending Code 1907, § 1222, eliminating the
clause in the former law, providing that a judg-
ment in recorder's court is a bar to a prosecution
for the same offense in a state court, since the
same act may constitute an offense both against
the state and the municipal corporation, each
of which may punish it without violation of
any constitutional principle.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 404–406.]

Certiorari to Court of Appeals.

Joe Bell was convicted of violation of the
prohibition law, and appealed to Court of Ap-
peals where judgment was affirmed (75 South.
181), and defendant petitions for certiorari.
Writ denied.

Goodwyn & Ross, of Bessemer, for appel-
lant. W. L. Martin, Atty. Gen., and P. W.
Turner, Asst. Atty. Gen., for the State.

GARDNER, J. As a defense to the prose-
cution of this cause in the state court, the
defendant filed several pleas, in substance
setting up former jeopardy by reason of his
conviction in the mayor's court of Bessemer.
The demurrer of the state to said pleas was
sustained by the trial court, and the ruling
affirmed in the Court of Appeals. 75 South.
181. The Court of Appeals treats only one
ground of demurrer, which they considered
vital, numbered 8, and which reads as fol-
lows:

"Because the offense set forth in said plea
was an offense against the city of Bessemer for
the violation of a municipal ordinance thereof,
and this prosecution is for the violation of the
law of the state of Alabama, and is no de-
fense to this prosecution."

In Harris v. State, 128 Ala. 41, 29 South.
581, the court said:

"It is not denied that the same act may con-
stitute an offense both against the state and
the municipal corporation, and the state and
municipality may each punish it without vio-
lation of constitutional principle."

The opinion of the Court of Appeals points
out the amendment to section 1222, Code of
1907 (Gen. Acts 1915, p. 724), wherein that
clause of said section, providing that a judg-
ment in the recorder's court should be a bar

to a prosecution for the same offense in the
state court, was eliminated. Therefore as
correctly held by the Court of Appeals, the
conviction of one in the municipal court for
a violation of the municipal ordinance is not
pleadable in defense to a prosecution of the
same offense in the state court.

Counsel for petitioner directs attention to
the fact that under section 1221 of the Code
of 1907, the recorder has also original and
concurrent jurisdiction with the county court
of all misdemeanors committed within the
city or within the police jurisdiction there-
of; and it is insisted that, under the authori-
ty of Brooke v. State, 155 Ala. 78, 46 South.
491, and Jackson v. State, 136 Ala. 96, 33
South. 888, the conviction in a municipal
court was necessarily a bar to further prose-
cution in the state court. In Brooke v. State,
supra, however, the pleas of defendant dis-
closed that the defendant was tried for an
offense against the state, for the violation of
a state law. In the instant case, the opinion
of the Court of Appeals is rested, as above
disclosed, upon the eighth assignment of de-
murrer to said pleas above quoted, to the
effect that said pleas show the defendant was
tried and convicted for the violation of a
municipal ordinance, and the principle recog-
nized in Harris v. State, supra, was therefore
directly applicable.

The holding of the Court of Appeals is
therefore in harmony with the decisions of
this court, and the petition for writ of cer-
tiorari will accordingly be denied.

Writ denied. All the Justices concur.