(85 South. 851)

SCHROEDER v. STATE. (1 Div. 365.)

(Court of Appeals of Alabama. May 18, 1920. On Rehearing, June 15, 1920.)

1. CRIMINAL LAW &⇒292(2)—PLEA OF FORMER JEOPARDY HELD NOT TO DISCLOSE SAME OFFENSE.

A plea of former jeopardy in a prosecution for a violation of the prohibition law, "he is now placed on trial for an identical charge laid within the same period, and a complaint setting forth the same allegations," etc., *held* not to disclose that the offense charged in the affidavit was the same as the one alleged in the plea, and the same offense for which the defendant had already been tried.

On Rehearing.

2. CRIMINAL LAW &⇒201—TRIAL IN RECORDER'S COURT NO BAR TO PROSECUTION IN CIRCUIT COURT.

Prosecution in the recorder's court for an offense was no bar to a prosecution in the circuit court for the same offense, under Code 1907, § 1222 (Acts 1915, p. 724).

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

William Schroeder was convicted of violating the prohibition law, and appeals. Affirmed.

See, also, ante, p. 246, 84 South. 309.

The plea of former jeopardy is as follows:

He has once been in jeopardy for the offense of which he is now charged in this complaint, and that on, to wit, the 24th day of September, 1919, the defendant was in one form arraigned before D. H. Edington, recorder for the city of Mobile, and that he pleaded not guilty to the offense charged which was in substance as follows: That within the past 12 months, and since the 25th day of January, 1919, the defendant sold, offered for sale, kept for sale, or otherwise disposed of or possessed, or had in his possession, spirituous, vinous, or malt liquors contrary to law, and that the defendant was put on trial for such offense, and after he had pleaded to the same, and was thus in jeopardy, that he is now placed on trial for an identical charge laid within the same period and upon a complaint setting forth the same allegations, all of which the defendant is ready to verify, and he prays a judgment of this court that he be discharged from the premises in the present indictment specified.

Tisdale J. Touart, of Mobile, for appellant.

Without citation of authority, counsel insists that the plea of former jeopardy was good.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

MERRITT, J. [1] The defendant appeals from a conviction in the circuit court of Mobile county, where he was charged with a violation of the prohibition laws. Prosecution was begun by a complaint filed in the inferior court of Mobile, and from a conviction in that court the defendant appealed to the circuit court. No bill of exceptions appears in the record, and the cause is presented for review on the record. It does, however, appear from the record that in the circuit court the defendant filed a plea of former jeopardy, to which demurrers were interposed and sustained. The court was clearly right in sustaining the demurrers, for the plea did not disclose that the offense charged in the affidavit was the same as the one alleged in the plea, and the same offense for which the defendant had already been tried.

An examination of the entire record discloses that the proceedings were regular, and that the defendant was legally tried, convicted, and sentenced; and, this so appearing, the judgment must be affirmed.

Affirmed.

On Rehearing.

[2] Conceding, without deciding, that the point raised by appellant on application for rehearing, viz. that a plea of former jeopardy need only aver that the offenses were in substance precisely the same, or that they were of the same nature or the same species, so that the evidence which supported the one would support the other, is well taken, yet there is another distinguishing feature in this case which necessitates the affirmance of the action of the lower court in sustaining the demurrers to the plea of former jeopardy. The plea sets up that the defendant was charged in the recorder's court with the same offense or a similar offense. This was no

bar to a prosecution in the circuit court for the same act. Code 1907, § 1222; Acts 1915, p. 724; Bell v. State, 16 Ala. App. 36, 75 South. 181; Ex parte Bell, 200 Ala. 364, 76 South. 1.

Application overruled.