(86 South. 126)

LEIGEBER v. STATE. (6 Div. 688.)

(Court of Appeals of Alabama. June 29, 1920.)

1. CRIMINAL LAW ⬅️201—CONVICTION UNDER ORDINANCE NO BAR TO PROSECUTION UNDER STATUTE.

Since the amendment of Code 1907, § 1222, by Acts 1915, p. 724, a conviction for the violation of a municipal ordinance cannot be pleaded as bar to a prosecution for the violation of a state law.

2. CRIMINAL LAW ⬅️167 — CONVICTION IN MAYOR'S COURT FOR VIOLATION OF PROHIBITION LAW BAR TO SUBSEQUENT PROSECUTION; "RECORDER."

Where defendant was convicted in the mayor's court for a violation of the prohibition law, committed in limits of the city, such conviction is a bar to a further prosecution for that misdemeanor; the mayor having jurisdiction, under Code 1907, §§ 1213, 1221, which define a "recorder" as any person authorized to hold municipal court, and give such court concurrent jurisdiction of misdemeanors committed within the municipal limits.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Recorder.]

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

John Leigeber was indicted for a violation of the prohibition law, and was convicted of having in his possession more than two quarts of spirituous liquors, and from the judgment he appeals. Reversed and remanded.

A. A. Griffith and Sample & Kilpatrick, all of Cullman, for appellant.

Plea 3 was good, and the demurrers interposed should not have been sustained. Acts 1915, p. 724, §§ 1221, 1222; 16 Ala. App. 36, 75 South. 181; 155 Ala. 78, 46 South. 491; 136 Ala. 96, 33 South. 888. A plea of guilty cannot be shown, except by judgment entry.

188 Ala. 9, 65 South. 972; 143 Ala. 88, 89 South. 293, 111 Am. St. Rep. 17; 138 Ala. 94, 35 South. 58; 136 Ala. 108, 34 South. 375.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

SAMFORD, J. As a defense. to the indictment in this case in the circuit court, the defendant filed several pleas, in substance setting up former jeopardy by reason of his conviction of the offense in the mayor's court of Cullman, in which pleas it is alleged that the offense for which he was tried by the mayor was for a violation of the state law, and that he was found guilty by the mayor and fined $500, for the identical offense here charged.

[1, 2] The pleas do not follow the form laid down in the Code for a plea of former jeopardy, and therefore might have been subject to some grounds of demurrer had they been interposed. But, not being demurred to on those grounds, this court will not pass upon that phase of the plea. The grounds of demurrer assigned raise the question of the authority of the mayor of Cullman to try and determine a case involving a violation of the prohibition law under which this defendant is here indicted.

Under Code 1907, § 1213, "recorder," as used in the Code, when used with reference to jurisdiction and officers holding court, means any person authorized to hold municipal court. In section 1221 of the Code it is provided:

"The recorder shall have original and concurrent jurisdiction with the county court or court of like jurisdiction, of all misdemeanors committed within the city or town, or within the police jurisdiction thereof."

And further, as going to show the authority of the mayor acting as recorder to try cases for violation of state laws, the section proceeds:

"When a person has been tried and convicted of any offense which is a misdemeanor under the state laws, by a municipal officer empowered by law to try such offenses, he shall be punished as provided by law."

In Bell v. State, 16 Ala. App. 36, 75 South. 181, this court properly held, subsequent to the amendment of section 1222 of the Code (Acts 1915, p. 734), that the effect of the amendment was to put the law back to the original status, to the end that a conviction for the violation of a municipal ordinance could not be pleaded in bar to a prosecution for the violation of a state law. Bell v. State, supra; Bell v. State, 200 Ala. 364, 76 South. 1.

Under Code 1907, §§ 1213 and 1221, the mayor or recorder had original and concurrent jurisdiction with the county court or court of like jurisdiction (in this case the circuit court) of the offense of which the defendant was convicted in this case; the same having been committed in the corporate limits of Cullman.

When properly pleaded, a conviction before municipal officers, acting as recorders, of offenses against the state laws, in cases where the law confers jurisdiction on such officers to try and determine such cases, is a complete bar to subsequent prosecution in courts of concurrent jurisdiction, charging the identical offenses. Brooke v. State, 155 Ala. 78, 46 South. 491.

The demurrer to the pleas should not have been sustained, on the grounds assigned. For this error, the judgment is reversed and the cause is remanded.

Reversed and remanded.