(90 South. 36)

**WILLIAMS v. STATE.    (7 Div. 724.)**

(Court of Appeals of Alabama.    June 21, 1921.)

**1. Criminal law ⬥201—Conviction for violating liquor ordinance no bar to subsequent prosecution for violating state law.**

In a prosecution for violating the prohibition law, plea of former jeopardy alleging that for this identical offense defendant had been tried and convicted in the mayor's court of certain city was demurrable, in view of Acts 1915, p. 724, where the plea showed upon its face, in that the action was shown to be in the name of "Mayor and Alderman" against accused, that the offense there charged was not for violation of state laws, but for violation of a municipal ordinance.

**2. Intoxicating liquors ⬥236(11) — Evidence of sale held insufficient to convict.**

In a prosecution for violating the prohibition law, accused could not be convicted upon

·testimony by the state's witnesses that they purchased some whisky in the city where accused resided upon a certain night, but did not know whether it was a man or a woman who sold it to them, and did not know whose house it was at which they got it, even though the witnesses were reluctant so as to require relaxation of strict rules of evidence.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Myrtle Williams was convicted of violating the prohibition law, and she appeals. Reversed and remanded.

The witnesses for the state testified that they purchased some whisky in Alabama City upon a certain Saturday night, but did not know whether it was a man or woman who sold it to them, and did not know whose house it was at which they got it.

P. E. Culli, of Gadsden, for appellant.

This case should be reversed—first, because the evidence is not sufficient to sustain the conviction; and, second, because the plea of former jeopardy was good. Section 9, Const. 1901; section 1222, Code 1907; 172 Ala. 353, 54 South. 629; 17 Ala. App. 523, 87 South. 220.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] As an answer to the indictment charging this defendant with violation of the prohibition law, the defendant interposed a plea of former jeopardy alleging therein that for this identical offense this defendant had been put upon trial and convicted in the mayor's court of Alabama City. The court properly sustained the demurrers to this plea. Bell v. State, 16 Ala. App. 36, 75 South. 181, and Ex parte Bell, 200 Ala. 364, 76 South. 1, are conclusive of this question. See, also, Acts 1915, p. 724.

In the instant case the plea showed upon its face that the offense there charged was not for a violation of the state laws, but was for a violation of a municipal ordinance. Exhibit A attached to and a part of said plea shows this action to have been in the name of Mayor and Alderman v. Myrtle Williams, and nowhere does it appear that the offense charged was for the violation of the state laws. It conclusively appears that the state was not a party to the alleged proceedings in the mayor's court.

[2] The record, as far as the evidence in this case is concerned is unusual. It might be easily ascertained therefrom that the two principal witnesses for the state were what might be termed unwilling witnesses, and reluctant, therefore, to give testimony upon this trial. In such cases, in order that truth and justice may prevail, the strict rules of evidence must of necessity be relaxed, so far as may be, in their application in order, if possible, that the true facts may be shown, and to this end much latitude allowed in the conduct of the trial and the examination of the witnesses. In all criminal cases, however, the presumption of innocence attends the accused throughout the trial and until overcome by legal evidence; the measure of proof being "beyond a reasonable doubt" and "to a moral certainty." These two latter terms have many times been construed to be synonymous in their nature and to mean the same thing. The presumption of innocence is one of law, evidentiary in its nature. On this trial numerous exceptions were reserved to the rulings of the court upon the testimony. Some, in fact many, of these exceptions appear to be well taken.· Martin v. State, 16 Ala. App. 406, 78 South. 322; Howard v. State, 17 Ala. App. 464, 86 South. 172. We do not feel the necessity, however, to discuss specifically these several rulings, many of which were no doubt superinduced by the effort of the court to accord to the state in its· extremity the privilege of showing the true facts in the case; but it is needless to say that such an extremity could never result in the complete departure from the elementary rules of evidence and thereby put at naught the procedure and practice so well established, the result of years of experience, legislation, and adjudications. We are of the opinion that the state failed to make out its case, and that the defendant under all the evidence adduced upon this trial was entitled to be discharged. While the corpus delicti may have been sufficiently shown, there is no legal evidence in this case to connect the defendant with the commission of the offense, and none from which this inference could legally be drawn.

The refusal of the affirmative charge requested by defendant was error.

Reversed and remanded.