(93 South. 223)

**HENDRIX v. STATE. (8 Div. 897.)**

(Court of Appeals of Alabama. May 9, 1922.)

**1. Criminal law ⬤⟳211(2)—Affidavit need not be signed by affiant.**

In prosecution for a misdemeanor, it is not necessary that the affidavit on which the warrant was issued be signed by the affiant.

**2. Criminal law ⬤⟳167—Prior conviction or acquittal a bar, where jurisdiction concurrent.**

When two courts have concurrent jurisdiction of an offense, an acquittal or conviction in one will bar a prosecution in the other.

**3. Criminal law ⬤⟳201—Prosecution for violating ordinance not bar to prosecution for violating state law, although by same act.**

If one was prosecuted in a mayor's court for violating a city ordinance, although the same act constituted the offense, such prosecution would not be a bar to a subsequent prosecution in the county court for violating a state law.

**4. Criminal law ⬤⟳167—Prosecution in mayor's court bars prosecution for same offense in county court.**

If prior prosecution before a mayor's court was for violating a state law within the jurisdiction of the municipality, and was the same offense as charged in later prosecution in the county court, it would bar the later prosecution.

Appeal from Morgan County Court; W. T. Lowe, Judge.

T. W. Hendrix was convicted of violating the prohibition law, by having prohibited liquor in possession, and appeals. Reversed and remanded.

E. C. Nix, of Albany, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The affidavit upon which the warrant was issued is not signed by the party purporting to have made it, but under our decisions this was not necessary. Holman v. State, 144 Ala. 95, 39 South. 646.

[2] The defendant was charged in the affidavit with having in his possession prohibited liquors, which under the law is a misdemeanor. To this complaint he filed a plea of autrefois convict, as follows:

"Comes the defendant in the above-entitled cause and for plea says: That the state ought not to further prosecute this charge against him because of a prosecution begun by affidavit on the 27th day of August, 1920, in the mayor's court, or recorder's court, of the city of Albany, in which this defendant was charged with the violation of the prohibition law, in that he did have in his possession, in the corporate limits of the city of Albany, county of Morgan, and state of Alabama spirituous, vinous, or malt liquors, contrary to law, and that on, to wit, on the 30th day of August, 1920, this defendant was put upon trial by said court for said offense, and was duly convicted by said court of said offense, which this defendant alleges was based upon and is of the same matters and transactions as is alleged in this prosecution of which he is charged, and defendant alleges that said mayor, in trying this defendant as aforesaid, had concurrent jurisdiction with this court to try said offense, and in the trial of the same was acting as a judicial officer of the state of Alabama in such trial, all of which the defendant is ready to verify, and prays judgment that he should be discharged as to the present prosecution."

This plea follows the form laid down in Code 1907, § 7574, subd. 5, and in effect alleges that the defendant had already been convicted of the same charge by a court of competent jurisdiction, for which he is here being tried. If this is so, he should not again be put upon trial. When two courts have concurrent jurisdiction of an offense, an acquittal or conviction in one will bar a prosecution in the other. Brooke v. State, 155 Ala. 78, 46 South. 491.

[3] If the defendant was prosecuted in the mayor's court for a violation of a city ordinance, although the same act constituted the offense, such prosecution would not be a bar to a subsequent prosecution for a violation of a state law. Bell v. State, 16 Ala. App. 36, 75 South. 181; Ex parte Bell, 200 Ala. 364, 76 South. 1.

[4] But, if the prosecution before the mayor's court was for a violation of a state law committed within the jurisdiction of the municipality, and was the same offense as here charged, it would be a bar to this prosecution. Code 1907, §§ 1213, 1221, 1228; Leigeber v. State, 17 Ala. App. 551, 86 South. 126; Ex parte Bell, 200 Ala. 364, 76 South. 1; Brooke v. State, 155 Ala. 78, 46 South. 491.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.