(100 So. 306)

## LEACH v. STATE. (8 Div. 160.)

(Court of Appeals of Alabama. May 20, 1924.)

Criminal law ☞201—Prosecution for violation of ordinance no bar to prosecution for violation of state law.

Under Acts 1915, p. 724, a prosecution for violation of an ordinance is not a bar to a subsequent prosecution for violation of a state law, though the same act constituted the offense.

Appeal from County Court, Morgan County; W. T. Lowe, Judge.

Lula Leach was convicted of having in her possession prohibited liquor, and she appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was convicted for having in her possession prohibited liquors.

The defendant filed a plea of autrefois convict as follows:

"Comes the defendant in the above-styled cause and for plea says: That the state ought not to further prosecute this charge or indictment against her because of a prosecution begun by affidavit against her on the 3d day of April, 1923, in the mayor's court, or recorder's court, of the city of Albany, in which this defendant was charged with the violation of the prohibition law, in that she did have in her possession, in the corporate limits of the city of Albany, county of Morgan, and state of Alabama spirituous, vinous, or malt liquors, contrary to law, and that on, to wit, on the 4th day of April, 1923, this defendant was put upon trial by said court for said offense, and was duly convicted by said court of said offense and fined fifty dollars, and one dollar and sixty cents costs, which fine and costs were promptly paid, which this defendant alleges was based upon and is of the same matters and transactions as is alleged in this prosecution or indictment of which she is charged, and defendant alleges that said mayor, in trying this defendant as aforesaid, had concurrent jurisdiction with this court to try said offense, and in the trial of the same was acting as a judicial officer of the state of Alabama in such trial, all of which the defendant is ready to verify, and prays judgment that she be discharged as to the present prosecution."

The state joined issue on said plea and filed a replication as follows:

"Comes the state of Alabama and joins issue on said plea, and for further answer to said plea says: Defendant was tried by W. A. Brittian as mayor of the city of Albany for violating Ordinance 349 of the Penal Code of the city of Albany and not tried by W. A. Brittian as ex officio justice of the peace or recorder for violating the state law."

The evidence showed without conflict that the defendant was arrested on a warrant issued by the mayor of the city of Albany on complaint charging the violation of Ordinance No. 349 of the city of Albany, and that the defendant was tried by the mayor and convicted for violation of the city ordinance, and not for a violation of the state law.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A prosecution in the mayor's court for a violation of a city ordinance is not a bar to a subsequent prosecution in the state court for the violation of a state law, although the same act constituted the offense. Acts 1915, p. 724; Hendrix v. State, 18 Ala. App. 479, 93 South. 223; Bell v. State, 16 Ala. App. 36, 75 South. 181; Ex parte Bell, 200 Ala. 364, 76 South. 1.

There was no conflict in the evidence. The court properly gave the affirmative charge for the state.

We find no error in the record, and the judgment· of the lower court is affirmed.

Affirmed.