(104 So. 341)
MORGAN v. STATE. (4 Div. 982.)

(Court of Appeals of Alabama. Feb. 3, 1925. Rehearing Denied March 17, 1925.)

1. Criminal law ⬿201—Conviction for violating a city ordinance no bar to conviction for violating state law for same offense.

Conviction for violation of city ordinance is no bar to conviction for violation of state law for same offense.

2. Criminal law ⬿753(2)—Affirmative charge for defendant properly denied where evidence conflicting.

Where evidence was conflicting and presented jury question, affirmative charge for defendant was properly denied.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Mozel Morgan was convicted of unlawfully possessing prohibited liquor, and she appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Morgan, 104 So. 341.

Guy W. Winn, of Clayton, for appellant.

The trial court erred in sustaining demurrer to defendant's plea of former conviction. Leach v. State, ante p. 15, 100 So. 306.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant, defendant in the court below, was charged by indictment with the offense of violating the Prohibition Law of the state, in that she unlawfully had in her possession a large quantity of prohibited liquor, some 3½ gallons of homemade whisky.

In answer to the indictment, and as a defense thereto, she interposed a plea of former jeopardy, setting up that for this identical offense she had already been convicted in the mayor's court of the city of Eufaula, Ala., on the 3d day of April, 1924.

[1] The state demurred to the plea of "autrefois convict," and, among other grounds, insisted that a conviction for a violation of a city ordinance is no bar to a conviction for the violation of a state law for the same offense. The court sustained the demurrer to the plea in question, and in so doing committed no error. Bell v. State, 16 Ala. App. 36, 75 So. 181; Ex parte Bell, 200 Ala. 364, 76 So. 1; Cunningham v. State, 16 Ala. App. 140, 75 So. 816; Schroeder v. State, 17 Ala. App. 497, 85 So. 851; Leigeber v. State, 17 Ala. App. 551, 86 So. 126; Williams v. State, 18 Ala. App. 218, 90 So. 36; Hendrix v. State, 18 Ala. App. 479, 93 So. 223.

During the progress of the trial several exceptions were reserved to the rulings of the court upon the admission of testimony. There is, however, no merit in any of the exceptions so reserved, it clearly appearing that the substantial rights of the defendant were not injuriously affected in this connection.

[2] The evidence adduced upon this trial was in conflict, and presented a jury question. This being true, the court did not err in refusing the two charges requested in writing. Under the evidence, the defendant was not entitled to the affirmative charge.

We find no error in any of the rulings of the court. The record is also without error. Let the judgment of conviction appealed from stand affirmed.

Affirmed.