(109 So. 121)

### MARCHMAN v. STATE. (7 Div. 277.)

(Court of Appeals of Alabama. June 8, 1926.)

**1. Criminal law ⬤➡292(2).**

Plea of former jeopardy by sentence therein recited, to labor "for said city," *held* to show that former trial was not for violation of state law.

**2. Criminal law ⬤➡201.**

Conviction in municipal court for violation of ordinance is not bar to prosecution in state court based on same act.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

L. P. Marchman was convicted of violating the prohibition laws, and he appeals. Affirmed.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. It appears from this record, the appeal here being predicated upon the record only, that the prosecution against this appellant originated in the county court of Calhoun county. The charge or accusation being a violation of the state prohibition laws by having in his possession prohibited liquors, the county court had jurisdiction to hear and determine same. It appears that from a judgment of conviction in the county court an appeal was taken to the circuit court. In the circuit court he was tried upon a complaint charging the same offense. In answer thereto the defendant interposed a plea of former jeopardy, which set up among other things, that "he has once been in jeopardy for the offense of which he is now charged, and that at a session of the recorder's court of the city of Anniston, Ala., to wit, on the 22d day of June, 1925, defendant was in due form arraigned, and pleaded not guilty to said offense charged, which was as follows." Here is set out the affidavit upon which he is alleged to have been tried in the recorder's court; the charge there contained, omitting the formal part, being, "the offense of violating the prohibition law has been committed in said city by L. P. Marshman." The plea continues, and avers that he was found guilty by said recorder, and was sentenced to pay a fine of $50, and to serve 30 days at hard labor for said city of Anniston," etc.

There is nothing in this record to show that a similar plea was filed in the county court, and, so far as can be ascertained, this plea was filed for the first time on this trial in the circuit court.

The court sustained the state's demurrers to said plea in the circuit court, and this action of the court presents the only question for consideration here, as the record proper appears regular in all things, no error being apparent thereon.

[1, 2] We are of the opinion that from the plea itself it affirmatively appears that the trial in the recorder's court was for a violation of an ordinance of the city of Anniston. No objection by demurrer or otherwise appears to have been interposed in the recorder's court to the affidavit or complaint filed in that court. We do not agree that it appears this appellant was there tried by the recorder for a violation of the state law. In fact, it clearly appears to the contrary, for, if such had been the case, the court would have had no authority, upon the conviction of the accused, to sentence him "to serve 30 days at hard labor for said city of Anniston." This appears on the face of the plea filed by appellant in the circuit court. The court therefore properly sustained the demurrers to the plea, for under the present statute a judgment of conviction in a municipal court for a violation of a city ordinance cannot be pleaded in bar in a prosecution in the state courts based upon the same act or transaction. Bell v. State, 16 Ala. App. 36, 75 So. 181; Ex parte Bell, 200 Ala. 364, 76 So. 1; Cunningham v. State, 16 Ala. App. 140, 75 So. 816; Schroeder v. State, 17 Ala. App. 497, 85 So. 851; Leigeber v. State, 17 Ala. App. 551, 86 So. 126; Williams v. State, 18 Ala. App. 218, 90 So. 36; Leach v. State, 20 Ala. App. 15, 100 So. 306; Morgan v. State, 20 Ala. App. 511, 104 So. 341.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The judgment of conviction in the circuit court, from which this appeal was taken, is affirmed.

Affirmed.