(134 So. 671)

## COURSEY v. CITY OF ANDALUSIA.

### 4 Div. 731.

Court of Appeals of Alabama.
March 17, 1931.

Rehearing Denied April 7, 1931.

A. Whaley, of Andalusia, for appellant.

Marcus J. Fletcher, of Andalusia, for appellee.

BRICKEN, P. J.

In the recorder's court of the city of Andalusia, this appellant was convicted of violating section 5 of an ordinance of said city, entitled: "Ordinance, To further regulate the driving and operating of automobiles and other motor vehicles within the City of Andalusia, and to fix penalties and punishment for the violation thereof." From the judgment of conviction in the recorder's court he appealed to the circuit court and was there tried upon a complaint filed by counsel for the city of Andalusia. There was no variance between the original charge and that charged in the complaint in the circuit court.

In answer to the complaint the defendant filed in the circuit court his pleas A and B, which were in the nature of, and attempted to set up, former jeopardy. We pretermit a discussion as to the legal sufficiency of these pleas, no demurrer having been interposed thereto. The pleas were stricken by the court upon motion of plaintiff, and this action of the court is assigned as error. In this ruling the court was correct. The purported pleas disclosed that the offense here complained of, and the offense for which this appellant was tried and convicted in the state court upon indictment, were separate and distinct and not the same or identical offenses, hence the pleas upon their face were no answer to the complaint as a matter of law, and were properly stricken. As to defenses of this character, mere reference to the following cases will suffice, to wit: Ex parte Bell (Bell v. State) 200 Ala. 364, 76 So. 1. Harris v. State, 128 Ala. 41, 29 So. 581.

The undisputed evidence in this case disclosed that the offense complained of in this prosecution was committed within the police jurisdiction of the city of Andalusia. This court will take judicial knowledge of the fact that the city of Andalusia is a municipal corporation within this state, having a population of less than six thousand inhabitants. Under the statute the police jurisdiction extends to all the adjoining territory within a mile and a half of the corporate limits of said city, and that ordinances of the city enforcing police or sanitary regulations and prescribing fines and penalties for violation thereof

have force and effect not only in the limits of the city, but also in the police jurisdiction thereof. Section 1954, Code 1923; Hammonds v. City of Tuscaloosa, 21 Ala. App. 286, 107 So. 786. The insistences to the contrary urged upon this appeal cannot be sustained.

■ The evidence in this case, also without dispute, disclosed that the offense complained of in this proceeding was committed in the presence of the chief of police and police officers of said city. These officers therefore had the legal right to arrest the appellant without a warrant under the provisions of section 3263 of the Code 1923. The insistence of error in this connection is without merit.

■ The ordinance, supra, was properly allowed in evidence. The evidence disclosed its regularity in passage, and its proper and legal publication as the law requires.

This case was tried by the court, without a jury. We cannot accord to the insistence of appellant to the effect that the evidence was insufficient to sustain the judgment of conviction pronounced and entered by the trial court. This appellant was admittedly engaged in a violation of the law at the time he was first seen by the officers on the occasion in question. He cannot be held blameless for an offense committed by him in trying to escape from the officers and avoid arrest by them; and his insistence that the officers in pursuit was the moving cause of the commission of the offense, the basis of this prosecution, is untenable and cannot be sustained. There is no merit in this contention.

■■ Appellant's purported brief has had the consideration of this court, in the absence of motion to strike, but there is a flagrant disregard of Supreme Court Rule 10 in the preparation thereof. This rule applies in cases of this character and provides that following a concise statement of so much of the record as fully presents every error and exception relied on, etc., and following this statement the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them and in citing cases, the names of parties must be given, with the book, and page where reported. Here, the brief consisting of about twelve typewritten pages is in effect an argument from start to finish and no authorities cited.

There appears no reversible error on the trial of this case in the circuit court. The judgment appealed from is affirmed.

Affirmed.