36 So.2d 80

### PRICE v. McCONNELL.
### 6 Div. 673.

Supreme Court of Alabama.
June 10, 1948.

R. C. Redden and Young & Young, all of Vernon, for appellant.

Chas. Tweedy, Jr., of Jasper, and Wright & Smith, of Fayette, for appellee.

LAWSON, Justice.

This action is by Gertrude Price against Joe McConnell. The one count in the complaint is substantially in Code form (Code 1940, Title 7, § 223, Form 19) and claims damages of the defendant, McConnell, "for unlawfully arresting and imprisoning the plaintiff on a charge of disorderly conduct, for one day, viz., on the 4th day of April, 1945."

The defendant pleaded not guilty and two special pleas intended to justify the arrest, etc., of the plaintiff on the ground that the plaintiff at the time of her arrest by defendant violated certain ordinances of the town of Fayette, within that town, and in the presence of the defendant, who was the town marshal, and that the arrest was made by the defendant under his authority and in the performance of his duties as such marshal. The sufficiency of the special pleas was not tested.

There was verdict for the defendant. Judgment was in accord with the verdict. Plaintiff's motion for new trial having been overruled, she has appealed to this court.

The first contention made by plaintiff, appellant, is that she was entitled to the general affirmative charge.

There is no dispute in the evidence as to plaintiff's insistence that she was arrested by defendant without a warrant.

Defendant, however, insists that the arrest was lawful, in that in his presence plaintiff violated two ordinances of the town of Fayette.

■ It is the law in this state that a policeman or town marshal may, without warrant, arrest anyone who commits a breach of the peace in his presence, or who, by boisterous conduct, accompanied by violent words or actions, indicates a purpose to commit a breach of the peace. § 154, Title 15, Code 1940; Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am.St.Rep. 91; Jones v. State, 100 Ala. 88, 14 So. 772; Coursey v. City of Andalusia, 24 Ala.App. 247, 134 So. 671; In re Willis, 242 Ala. 284, 5 So 2d 716; Williams v. State, Ala.App., 35 So.2d 562, certiorari denied, ante, p. 549, 35 So.2d 567; Starnes v. State, 30 Ala.App. 156, 2 So.2d 333.

One of the ordinances which defendant contends plaintiff violated in his presence defined and prohibited disorderly conduct. The other related to the use of obscene, abusive, insulting, and profane language and is in all material respects identical with the provisions of § 11, Title 14, Code of 1940.

Defendant arrested plaintiff sometime between eight and nine o'clock on the morning of April 4, 1945, while she was in front of the Pan-Am Cafe in the town of Fayette. As before shown, the arrest was made without a warrant. Defendant's version of the events leading up to the arrest may be summarized as follows: He was eating breakfast in the cafe when plaintiff entered with her little girl. Plaintiff's husband was already in the cafe when she entered. He was sitting at the counter. When plaintiff entered she spoke to her husband and said to him, "Bennie, you'll have to take this child with you today," to which her husband replied, "I'm not going to take the child. I'm busy and don't have time to look after that child. You keep the child with you.

* * * I won't buy her breakfast. There is plenty at the house, and you go back there and sit down and eat, I'm busy." Plaintiff remained in the cafe for a while but later left, leaving the child there. The father told the little girl to follow her mother, which the child did. Plaintiff brought her back and again left her in the cafe. Again the little girl followed her mother, after being told to do so by her father. This procedure was repeated three or four times. In one of the conversations which the plaintiff had with her husband in the cafe she said to him in a "pretty loud voice," "I'm going to Tuscaloosa and get me a damn job and you can take that baby." This was said in the presence of the defendant, the town marshal, and in the presence of females in the cafe. Thereafter plaintiff again left the cafe. The defendant also left. He met the plaintiff just in front of the cafe as she was in the act of re-entering. According to defendant, he asked her not to go back in, saying, "Mrs. Price, if you don't stay out of there and quit giving us trouble I'll have to arrest you for disorder." Plaintiff replied, "No damn policeman can't tell me what to do," and she hit defendant in the side with her elbow and said, "Get away from here." Thereupon defendant placed plaintiff under arrest.

The plaintiff denied that she used the word "damn" on either occasion testified to by the defendant. Her husband denied that she used that word in the cafe. He was not present on the other occasion. Both of them denied that she created any kind of disturbance. No complaint was made as to her conduct by the proprietress of the cafe or by anyone else present. It does not appear that any female heard her use the word "damn." But the evidence shows that women were present at the time the defendant claims she used that word in the cafe. None were present on the other occasion.

■ Under the evidence in the case it was a question for the jury as to whether the defendant was justified in arresting plaintiff without a warrant. Unquestionably defendant was present wearing the uniform of his office at the time plaintiff conducted herself in the manner testified to by defendant, and it was for the jury to decide whether such conduct under the prevailing circumstances constituted a violation of the ordinance prohibiting disorderly conduct.

■ Likewise it was a question for the jury as to whether plaintiff violated the ordinance prohibiting the use of obscene, abusive, insulting, and profane language. The second clause of the ordinance, like the second clause of § 11, Title 14, Code of 1940, makes it unlawful to intentionally use such language in the presence or hearing of any girl or woman without reference to the place in which it is used. McVay v. State, 100 Ala. 110, 14 So. 862; Jordan v. State, 13 Ala.App. 186, 68 So. 585. To constitute a violation of such provision it is not necessary to show that a female heard the language used. It is the fact of presence, subject to insult if the language is heard, which is the essence of the offense. Yancy v. State, 63 Ala. 141. The provisions of the ordinance apply to a woman or girl as well as to a man. Ex parte Daly in re Daly v. State, 194 Ala. 29, 69 So. 598. We think that under the evidence in this case, it was a question for the jury whether the language attributed to Mrs. Price was used by her in the presence of a female and whether it was under the circumstances attending its use obscene, abusive, insulting, or profane within the meaning of the ordinance. Weaver v. State, 79 Ala. 279; Jordan v. State, supra.

In view of the above we hold that it was a question for the jury as to whether the arrest of the plaintiff was lawful and that, therefore, the general affirmative charge requested by plaintiff was properly refused.

■ The plaintiff testified that although more than two years had passed since she was arrested by the defendant that she had never been brought to trial on the charge for which she was arrested. The plaintiff having so testified, we do not think that reversible error is shown in connection with the trial court's action in permitting the defendant to introduce in evidence a record of the mayor's court which showed that the charge against the plaintiff had been disposed of by the payment of a fine by her father or brother-in-law. Perhaps

such evidence would not have been admissible since the payment by the father or brother-in-law was made without the knowledge or consent of the plaintiff, if the plaintiff had not injected into the case by her own testimony evidence which, if not explained, tended to show that no disposition had been made of the charge against her. In permitting the evidence relative to the payment of the fine by the father or brother-in-law, the trial court instructed the jury that such payment was not to be construed as evidence that the plaintiff had pled guilty to the charge.

■ Nor do we think that reversible error is shown in permitting the defendant to explain the physical condition of the record of the mayor's court which showed the disposition of the charge against the plaintiff. This record was shown to have been torn and crumpled and we think it was not reversible error on the part of the trial court to permit the defendant to show that after the case was disposed of as before indicated, the plaintiff came to the city hall to see the record entry as to the disposition of the charge against her and that the torn condition of the judgment entry was caused by the plaintiff. Moreover, we cannot say that this could have been construed by the jury as indicating plaintiff's consciousness of guilt. On the contrary, if the evidence tended to show that she tried to dispose of this record, it would indicate that her motive in trying to so dispose of the record was that it did not reflect the truth in that she had not in fact pled guilty to the charge against her.

■ We do not think error is made to appear in connection with the trial court's action in refusing plaintiff's requested charge numbered 3. Assuming that the charge should otherwise have been given, the principle sought therein to be stated was specifically given to the jury by the trial court at another time during the trial of the case.

No reversible error appearing, the judgment of the trial court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.