226 So.2d 82

**Lillie Mae GREEN**

v.

**Bright GREEN.**

**8 Div. 239.**

Supreme Court of Alabama.

Aug. 14, 1969.

Taylor & Taylor, Russellville, for appellant.

George E. Barnett, Jr., Bradshaw & Barnett, Florence, for appellee.

SIMPSON, Justice.

The appellant, plaintiff below, is the wife of appellee, defendant below. The wife sued her husband charging him with negligence and wanton misconduct in connection with an automobile accident between the husband's automobile and one driven by one Bishop. The wife was riding in the automobile driven by her husband. The wife also sued Bishop, but he was stricken as a defendant. The defendant husband entered a plea setting up the payment of $2,000 to the wife by the stricken defendant Bishop, and claimed credit in that amount against any damages which might be awarded his wife against him. The case went to the jury on the negligence count, the wanton count, a plea of the general issue, and one of contributory negligence, the plea claiming a credit for the payment made by the stricken defendant and a plea setting up the guest statute. The jury returned a verdict for the defendant.

The plaintiff has appealed, stating at the outset in brief that "* * * there is a strong tendency of the evidence to

show cumulative acts and omissions which amount to wanton misconduct. Because of this, it is the contention of petitioner that the refusal of plaintiff's requested charges six and eight are erroneous".

Although no assignments of error are argued in brief of appellant, we will consider the only issue argued, i. e. whether the court erred in refusing her charges six and eight. These charges are:

"No. 6. I charge you, gentlemen of the jury, that if the defendant committed several acts of simple negligence the cumulative effect of such may be considered in determining whether the defendant was guilty of wanton negligence.

\*   \*   \*   \*   \*   \*

"No. 8. I charge you gentlemen of the jury, that if you are reasonably satisfied from all the evidence in this case that Mr. Green was guilty of several acts of simple negligence you may consider the cumulative effect of such several negligent acts in deciding whether wanton conduct has been established."

Without in any manner approving these charges as correct statements of the law, even if they were so approved, the trial court did not err in refusing them since wantonness was fairly and adequately defined for the jury in the court's oral charge. Alabama Great So. R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Duke v. Williams, 249 Ala. 574, 32 So.2d 362; Price v. McConnell, 250 Ala. 686, 36 So.2d 80; Hillman Hotel v. McHaley, 251 Ala. 655, 38 So.2d 566; Title 7, § 273, Ala.Digest, Trial ⊛258 (1).

Nothing further having been argued by appellant, the judgment appealed from is affirmed.

Affirmed.

COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.