STEAGALL, Justice.
The plaintiffs appeal from a summary judgment granted in favor of the defendants in an action to recover for personal injuries and property damage resulting from the collision of an automobile with a horse. We affirm.
Terri B. Mason and her husband, Robert Mason, filed a complaint against John Owens and fictitious defendants, stating five counts against the defendants for allowing a horse to run at large upon a public road in Jefferson County. The counts included claims of willful or gross negligence; intentional and wanton acts; negligent or gross negligent manufacture, design, installation, or maintenance of an electrical fence; gross negligence intervening in the maintenance and/or failure of an electrical fence; and loss of consortium by Robert Mason. *963 The Masons alleged that on August 28, 1984, Terri Mason was driving her automobile on a public road when it collided with a horse belonging to Owens, causing personal injury to Terri Mason and property damage to her automobile. The trial court granted summary judgment in favor of Owens, and the Masons appealed.
The material facts are established by answers to interrogatories and depositions. On August 28, 1984, early in the morning, before daylight, Terri Mason was driving her automobile on Morgan Road in Jefferson County. Mason was 1.1 miles outside the Bessemer city limits when she struck a horse, which was on the road. The defendant, Owens, was the owner of the horse. The horse was ordinarily confined by an electrical fence. However, the horse was outside the confines of the fence when the accident occurred, and Owens was unaware of this fact. At 6 p.m. on the night before the accident, Owens had observed that the horse was within the confines of the fence. On the day of the accident, the fence was not broken and the gates were not open. The fence had been working properly when last checked, which was approximately one week prior to the accident.
The Masons contend that, because the accident occurred within the police jurisdiction of the city of Bessemer, the Code of the City of Bessemer, Alabama 1973, § 5-57, which prohibits anyone from allowing animals to run at large within the city, applies in this case and displaces Ala.Code 1975, § 3-5-3(a), which limits the liability of an owner of livestock that runs at large and causes damage to an automobile or injury to an occupant thereof.
Alabama Code 1975, § 3-5-3(a), provides:
“(a) The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways or streets in the state of Alabama shall be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers of any person, to be recovered before any court of competent jurisdiction; provided, that the owner of any stock or animal shall not be liable for any damages to any motor vehicle or any occupant thereof suffered, caused by or resulting from a collision with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway, road or street where such damages were occasioned.” (Emphasis added.)
That Code section has been held to be inapplicable within the city limits of municipalities that have adopted ordinances to prevent stock from running at large within the city limits. Chandler v. Waugh, 290 Ala. 70, 274 So.2d 46 (1973). In Chandler an accident occurred within the limits of a municipality. In the instant case, the accident occurred 1.1 miles outside the Bessemer city limits, but within the police jurisdiction of Bessemer. The Masons argue that Bessemer’s stock law ordinance (§ 5-57) extends into the police jurisdiction of Bessemer.
Ala.Code 1975, § 3-5-14, is the specific legislation that enables municipalities to adopt stock law ordinances. This section provides:
“The governing bodies of all cities or towns may adopt all such ordinances and , laws as shall be necessary to prevent the running at large within the limits of the municipality of all livestock or animals and to take up and impound all such livestock or animals found so running at large and to fix, prescribe and provide for the collection of penalties and impounding fees for all such livestock or animals so taken up and impounded.” (Emphasis added.)
The Bessemer stock law ordinance provides:
“No owner or custodian shall permit any cattle, horse, mule, sheep, goat, geese, ducks, chickens or any other animal to run at large within the City. Tying such animal for grazing in any street or other public place shall be deemed running at large within the meaning of this Section. To permit any such running at large is declared to be a nuisance and dangerous to public health and safety.” (Emphasis added.)
*964 Code of the City of Bessemer, Alabama 1978, § 5-57.
The Code of the City of Bessemer, Alabama 1973, § 1-5, defines “city” as “the City of Bessemer” and defines “city limits” as “within the City and includes only the corporate limits of the City.” Thus, the use of the phrase “within the city” in the Bessemer stock law ordinance (§ 5-57) renders the stock law ordinance effective only in the corporate limits of Bessemer.
The Masons argue, however, that Ala. Code 1975, § 11-40-10, extends the enforcement of the stock law ordinance into the police jurisdiction because the ordinance provides for the enforcement of “police or sanitary regulations” as set forth in § 11-40-10. This section provides:
“The police jurisdiction in cities having 6,000 or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than 6,000 inhabitants and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town.
“Ordinances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof shall have force and effect in the limits of the city or town and in the police jurisdiction thereof and on any property or rights-of-way belonging to the city or town.” (Emphasis added.) This Court has said, with respect to § 11-40-10:
“It is not to be inferred that a city may exercise any and every police power over the zone outside its corporate limits, styled its ‘police jurisdiction,’ which it may exercise within its corporate limits.”
City of Homewood v. Wofford Oil Co., 232 Ala. 634, 636, 169 So. 288, 290 (1936).
In Roberson v. City of Montgomery, 285 Ala. 421, 233 So.2d 69 (1970), this Court held that the city lacked authority to enforce a zoning ordinance outside of the city limits, but in the city’s police jurisdiction, in the absence of enabling legislation. In this regard, the Court stated:
“While Title 37, § 9 [predecessor to § 11-40-10], grants to the City of Montgomery the power to enforce police or sanitary regulations in adjoining territory within three miles of the corporate limits, this power does not extend to zoning regulations which are specifically provided for in other statutes. In the absence of any enabling legislation expressly providing otherwise, zoning enactments of a municipality are limited to its territorial boundaries and are invalid to the extent that they seek to impose zoning regulations and restrictions on land outside city limits.”
Roberson, 285 Ala. at 423, 233 So.2d at 70.
Although Roberson involved zoning regulation, it followed the rule of statutory construction that specific statutory provisions control the more general provisions. City of Tuscaloosa v. Alabama Retail Ass’n, 466 So.2d 103 (Ala.1985); Connor v. State on Information of Boutwell, 275 Ala. 230, 153 So.2d 787 (1963).
In the instant case, the specific enabling legislation is set forth in § 3-5-14, which provides that municipal ordinances may be adopted to prevent the running at large of animals within the corporate limits of a city. Accordingly, the Bessemer stock law ordinance is not enforceable in the police jurisdiction of Bessemer, and Ala.Code, § 3-5-3(a), is applicable to this case.
Section 3-5-3(a) provides that before liability can be imposed upon the owner of the animal in such as case as this, the owner must have “knowingly or willfully” put the animal upon the public road. There is no evidence that Owens knowingly or willfully put his horse onto the public road; thus, the trial court did not err in granting his summary judgment. See Rule 56, A.R. Civ.P.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.