HORNSBY, Chief Justice.
Lucy Wilkins and David Wilkins, wife and husband, sued Foster Johnson, Jeannie Johnson, and Shannon J. Searcy for com *467 pensation for injuries Lucy sustained when the automobile she was driving collided with a horse owned by the - defendants. David Wilkins’s claim was based on an alleged loss of consortium. The Wilkinses alleged that the defendants “negligently, wantonly or willfully placed said horse on the roadway or allowed said horse to graze outside of any enclosure” in violation of the laws of the State of Alabama and the ordinances of the City of Tuscaloosa. The trial court entered a summary judgment for the defendants, and the Wilkinses appeal. We reverse and remand.
The evidence shows that Lucy Wilkins’s automobile struck the defendants’ horse at about 5:45 a.m. on September 7, 1988. The accident took place on Tuscaloosa County Road 90, within the police jurisdiction of the City of Tuscaloosa and within 1,000 feet of the city limits. Because of the location of the accident, the Wilkinses argue that liability is governed by the Code of the City of Tuscaloosa, Alabama 1983, §§ 4-20 and 4-21, which prohibits anyone from allowing livestock to run at large within the city or within 1,000 feet of the city limits.
Generally, an owner of livestock running at large is liable for the damages done by that livestock, as provided in Ala.Code 1975, § 3-5-3(a):
“The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways or streets in the state of Alabama shall be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers of any person, to be recovered before any court of competent jurisdiction; provided, that the owner of any stock or animal shall not be liable for any damages to any motor vehicle or any occupant thereof suffered, caused by or resulting from a collision with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway, road or street where such damages were occasioned.’’
(Emphasis added.) However, the Alabama “stock laws” (Chapter 5 of Title 3, Ala. Code 1975) also allow municipalities to regulate livestock. Ala.Code 1975, § 3-5-14(a) provides:
“The governing bodies of all cities or towns may adopt all such ordinances and laws as shall be necessary to prevent the running at large within the limits of the municipality of all livestock or animals and to take up and impound all such livestock or animals found so running at large and to fix, prescribe and provide for the collection of penalties and impounding fees for all such livestock or animals so taken up and impounded.”
(Emphasis added.)
The question before us is whether the ordinances of the City of Tuscaloosa supersede the application of § 3-5-3(a), or whether the language of § 3-5-14(a) makes the ordinances inapplicable outside the city limits of Tuscaloosa. More specifically, we consider whether, for purposes of livestock control, the phrase “limits of the municipality” means the corporate limits or the limits of the police jurisdiction of the city.
The trial court considered these statutes in light of the discussion in Mason v. Owens, 514 So.2d 962 (Ala.1987), to hold that the City of Tuscaloosa had no authority to regulate livestock beyond its corporate limits. The trial court then entered a summary judgment for the defendants because the defendants made a prima facie showing that they had not “knowingly or wilfully” placed the horse in the road, see § 3-5-3(a), and the Wilkinses failed to present substantial evidence to rebut that showing.
Ala.Code 1975, § 11-40-10, defining “police jurisdiction,” provides as follows:
“The police jurisdiction in cities having 6,000 or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than 6,000 inhabitants and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town.
“Ordinances of a city or town enforcing police or sanitary regulations and *468 prescribing fines and penalties for violation thereof shall have force and effect in the limits of the city or town and in the police jurisdiction thereof and on any property or rights-of-way belonging to the city or town.”
Therefore, in order to resolve the issues in this case, we must determine whether an ordinance relating to livestock control is a “police regulation” necessary to protect the citizens of a municipality.
In Mason v. Owens, supra, the Court reviewed a situation in some respects similar to that present in this case. In Mason, the plaintiffs sued for damages based on a collision of an automobile with a horse; that collision took place outside the corporate limits of the City of Bessemer but within its police jurisdiction. Unlike the ordinance in this case, however, the Bessemer ordinance did not apply to the location of the accident. The Bessemer ordinance was limited in its application to livestock “within the city.” The Court declined to accept the plaintiffs’ argument that § 11-40-10 extended the operation of the Bessemer ordinance to its police jurisdiction, because the ordinance was specifically limited in its operation to the area “within the city.”
The Court in Mason therefore held that § 3-5-3(a) governed the defendants’ liability, and it affirmed the summary judgment against the plaintiffs. Although doing so was not necessary to the resolution of the case, the Court went on to state that § 3-5-14 meant that municipalities could not regulate livestock outside their corporate limits. The Court in Mason also discussed the application of § 11-40-10 and concluded, by analogy to zoning regulations, that regulation of livestock was not a “police regulation” extended by § 11-40-10.
Because the Bessemer ordinance did not apply to the accident location in Mason, the result in Mason was correct. However, we now conclude that the additional rationale in Mason was incorrect. Alabama law holds that a municipality is empowered to adopt ordinances for the protection of public safety and welfare. Wheat v. Ramsey, 284 Ala. 295, 224 So.2d 649 (1969). Every municipality has an interest in the control of the streets and public ways within its police jurisdiction. Shuttlesworth v. City of Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162, on remand, 45 Ala.App. 723, 222 So.2d 377 (1969); Handley v. City of Montgomery, 401 So.2d 171 (Ala.Crim.App.), cert. denied, 401 So.2d 185 (Ala.1981).
A primary purpose for any municipal regulation of livestock roaming at large is to prevent the sort of accident that occurred in this case. The livestock running at large is usually large animals that can present not only hazards to drivers, but also a real danger to pedestrians, especially children. The Mason rationale implies that had the unattended horse resulted in a collision that injured a child passenger, the defendants would not have been liable unless the parents could have shown that the defendants knowingly and willfully placed the horse in the road. The defendants’ negligence, or even wantonness, would not serve as a basis for liability, despite the municipality’s best attempt to regulate such dangers within its police jurisdiction. That analysis is contrary to any reasonable concept of police power.
Individuals who own livestock within populous areas near municipalities should be held to a higher standard of care in preventing that livestock from endangering other citizens. A municipality’s duty to protect its citizens in the use of its public streets plainly encompasses the power, under § 11-40-10, to extend to the limit of its police jurisdiction its control over livestock running at large. Our courts have upheld ordinances regulating fireworks, Chappell v. City of Birmingham, 236 Ala. 363, 181 So. 906 (1938), imposing license fees, Coursey v. City of Andalusia, 24 Ala.App. 247, 134 So. 671 (1931), and requiring building permits, City of Robertsdale v. Baldwin County, 538 So.2d 33 (Ala.Civ.App.1988), to the limits of police jurisdiction as a proper exercise of municipal police power. A municipality’s duty to protect its citizens from livestock running at large is at least as important.
*469 Accordingly, we hold that the language of Ala.Code 1975, § 3-5-14, allowing a municipality to regulate livestock running at large “within the limits of the municipality” means that the municipality, by appropriate ordinance, may regulate livestock to the limit of its police jurisdiction. To the extent that the additional language in Mason conflicts with this holding, it is overruled.
We must reverse the summary judgment and remand this cause to the trial court for further proceedings based on the applicable ordinances of the City of Tuscaloosa.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.